IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01621-MN |
| | ) | |
| CHARLIE JAVICE, OLIVIER AMAR, | ) | **PUBLIC VERSION FILED** |
| CHARLIE JAVICE, in her capacity as Trustee | ) | **APRIL 28, 2023** |
| of CHARLIE JAVICE 2021 IRREVOCABLE | ) | |
| TRUST #1, CHARLIE JAVICE, in her capacity as | ) | |
| Trustee of CHARLIE JAVICE 2021 | ) | |
| IRREVOCABLE TRUST #2, and CHARLIE | ) | |
| JAVICE in her capacity as Trustee of CHARLIE | ) | |
| JAVICE 2021 IRREVOCABLE TRUST #3, | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBITS B-D TO**
**COUNTERCLAIM PLAINTIFF CHARLIE JAVICE'S**
**ANSWERING BRIEF IN OPPOSITION TO**
**COUNTERCLAIM DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**MOTION FOR AN ORDER PARTIALLY LIFTING THE**
**PRIVATE SECURITIES LITIGATION REFORM ACT DISCOVERY STAY**

OF COUNSEL:

Alex Spiro
Maaren A. Shah
JP Kernisan
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com
jpkernisan@quinnemanuel.com

Michael A. Barlow (#3928)
Samuel D. Cordle (#6717)
ABRAMS & BAYLISS LLP
20 Montchanin Drive, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
barlow@abramsbayliss.com
cordle@abramsbayliss.com

*Attorneys for Defendant / Counterclaim*
*Plaintiff Charlie Javice*

# EXHIBIT B

# DONTZIN NAGY & FLEISSIG LLP

Tibor L. Nagy, Jr.
tibor@dnfllp.com

980 Madison Avenue | New York, New York 10075 | (212) 717 - 2900

**BY EMAIL**                                                                February 20, 2023

Jeremy E. Kirschner, CPA, CGMA
Samuel S. Adelsberg & Co
280 Northern Boulevard
Great Neck, NY 11021
jeremyk@adelsberg.com

**Re:  Demand for Preservation of Documents**

Dear Mr. Kirschner,

We represent JPMorgan Chase Bank, N.A. ("JPMC").  As you may know, your client, Charlie Javice, is currently involved in litigation against JPMC, including in the action filed by JPMC in U.S. District Court for the District of Delaware, *JPMorgan Chase Bank, N.A. v. Charlie Javice et al.*, No. 22 Civ. 1621.  In connection with this litigation, Ms. Javice has a duty to preserve relevant evidence.  It has come to our attention that you may also have documents, communications, and other records relevant to JPMC's disputes with Ms. Javice within your possession, custody, or control.  Such potentially relevant materials may include, but are not limited to, each of the following categories of records:

1. Documents relevant to funds paid by JPMC to Ms. Javice, and to trusts created on her behalf (the "Trusts"), as consideration for JPMC's acquisition of TAPD, Inc. d/b/a Frank ("Frank") in September 2021(the "Merger Proceeds");

2. Documents relevant to business entities with which Ms. Javice may be affiliated that were created after September 2021, including but not limited to Chariot Holdings X LLC ("Chariot X"), Chariot Holdings I LLC, and Chariot Holdings II LLC;

3. Documents relevant to (i) the transfer, if any, of Merger Proceeds from Ms. Javice's personal accounts or from the Trusts to any other entities, including, *e.g.*, Chariot X, to other individuals, or to overseas accounts for Ms. Javice, and (ii) subsequent transfers, if any, of Merger Proceeds away from or between such entities or accounts;

4. Documents relevant to the conversion of Merger Proceeds, if any, into other assets, *e.g.*, cryptocurrency or real estate; and

5. Tax returns and supporting workpapers or documents reflecting any of the foregoing categories of evidence.

JPMC hereby demands that you take all reasonable steps to preserve all potentially relevant information that is in or may come into your custody and control, including personal files, handwritten notes, calendars, electronic files, articles of incorporation, minutes, transaction records, wire instructions or confirmations, account statements, copies of deposited or canceled checks, electronic messages, text messages, instant messages, drafts, memoranda, notes, data, correspondence, analyses, charts, reports, plans, and e-mails, whether maintained in hard copy or electronic form and whether stored on your work computer or other electronic devices, your personal/home computer, telephone or other electronic devices, work or personal e-mail, and work or personal file storage services.  Further, normal records destruction practices, including those triggered automatically by date or age of documents or electronic

*Mr. Jeremy Kirschner*                                                                *February 20, 2023*

files, should be suspended for all potentially relevant information, including any auto-delete or similar setting on any mobile device.  This demand also pertains to documents that have been shipped to off-site storage.

* * *

       Please reply to this letter and confirm that you will comply with the requests above. We look forward to your prompt response.

       Sincerely,

       Tibor L. Nagy, Jr.

cc:    Alex Spiro, Esq.

# EXHIBIT C

# J.P.Morgan

2/27/2023

Charlie Hannah Javice
400 Alton Road, Apt 2010
Miami Beach, FL, 33139-6749
United States of America

Re:  Accounts referred to in APPENDIX I

Dear Charlie:

This letter is to inform you that we have made a decision to end your account relationship with J.P. Morgan Private Bank.

**Next steps**

We must ask you to identify and establish a relationship with another firm so that arrangements can be made to transfer the above-referenced account(s) (the "Account(s)").

- Please let us know as soon as possible where we should transfer the holdings in your Account(s). Your Account(s) will remain open until Monday, April 28, 2023 (the "Closure Date").

- To ensure that your Account transition is orderly, we request that you please follow the below guidelines:
  - Please do not deposit checks to the Account(s) within five (5) business days of the Closure Date, or within five business days of any earlier date that you close the Account(s).
  - Please arrange to terminate any Automated Clearing House or ACH deposits or transfers to the Account(s) prior to the Closure Date.

**What you need to know**

Iliquid assets will continue to be held by J.P. Morgan in a custody-only capacity until such time that the asset may be liquidated or otherwise removed from the Account(s). Any capital calls or similar commitments that you have undertaken in connection with the asset shall remain your responsibility in line with the terms of the documentation governing the asset.

**If we do not receive transfer instructions from you by the Closure Date, then J.P. Morgan may take the following actions with regard to your Account(s):**

- You may no longer have access to certain services offered by J.P. Morgan, and we may need to take certain actions in regard to the assets in the Account(s). These actions include potentially sending cash balances to you, discontinuing payments from the Account(s), including debit card transactions or other actions that may be disadvantageous or inconvenient to you.

Bank deposit accounts and related services are offered by JPMorgan Chase Bank, N.A. Member FDIC.

--------------------------------------------------------------------------------

JPMorgan Chase Bank, N.A. and its affiliates (collectively "JPMCB") offer investment products, which may include bank-managed accounts and custody, as part of its trust and fiduciary services. Other investment products and services, such as brokerage and advisory accounts, are offered through J.P. Morgan Securities LLC (JPMS), a member of FINRA and SIPC. JPMCB and JPMS are affiliated companies under the common control of JPMorgan Chase & Co.

**INVESTMENT PRODUCTS: NOT FDIC INSURED ● NO BANK GUARANTEE ● MAY LOSE VALUE**

J.P.Morgan

- If securities or a combination of cash and securities are held in your Account(s), we may exercise other remedies to implement the closure of the relevant Account(s). These actions may include securities transactions in the Account(s), discontinuing payments from the Account(s), including debit card transactions or other actions that may be disadvantageous or inconvenient to you.
- If applicable, we may also need to terminate any Investment Management Account Agreements and investment advisory agreements that you may have with us, which would result in assets being unmanaged until you find a new provider.

Thank you for your prompt attention to this matter.

Sincerely,

*Elizabeth G Record*

Elizabeth Record
Executive Director

Bank deposit accounts and related services are offered by JPMorgan Chase Bank, N.A. Member FDIC.

--------------------------------------------------------------------------------------

JPMorgan Chase Bank, N.A. and its affiliates (collectively "JPMCB") offer investment products, which may include bank-managed accounts and custody, as part of its trust and fiduciary services. Other investment products and services, such as brokerage and advisory accounts, are offered through J.P. Morgan Securities LLC (JPMS), a member of FINRA and SIPC. JPMCB and JPMS are affiliated companies under the common control of JPMorgan Chase & Co.

INVESTMENT PRODUCTS: NOT FDIC INSURED ● NO BANK GUARANTEE ● MAY LOSE VALUE

J.P.Morgan

**APPENDIX I**

| ACCOUNT NUMBER | ACCOUNT NAME |
|---|---|
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | C JAVICE-ADV PARA-LH |
| ████████ | C JAVICE-PARA MSCI EAFE-LH |
| ████████ | CHARLIE HANNAH JAVICE |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TR 1 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST 1 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST 1 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST  1 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST #1 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST #1 |
| ████████ | CHARLIE JAVICE 2021 IRREV TR 2 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST 2 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST 2 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TR #2 CH |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST #2 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST 2 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST #3 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TRUST #3 |
| ████████ | CHARLIE JAVICE 2021 IRREVOCABLE TR |
| ████████ | CHARLIE HANNAH JAVICE DIDIER D JAVICE |
| ████████ | CHARLIE HANNAH JAVICE NATALIE D ROSIN |
| ████████ | FER ADVISORS INC. |
| ████████ | Credit Card |
| ████████ | Credit Card |
| ████████ | Credit Card |
| ████████ | Credit Card |
| ████████ | Credit Card |

Bank deposit accounts and related services are offered by JPMorgan Chase Bank, N.A. Member FDIC.

---

**JPMorgan Chase Bank, N.A.** and its affiliates (collectively "JPMCB") offer investment products, which may include bank-managed accounts and custody, as part of its trust and fiduciary services. Other investment products and services, such as brokerage and advisory accounts, are offered through **J.P. Morgan Securities LLC** (JPMS), a member of FINRA and SIPC. JPMCB and JPMS are affiliated companies under the common control of JPMorgan Chase & Co.

INVESTMENT PRODUCTS: NOT FDIC INSURED • NO BANK GUARANTEE • MAY LOSE VALUE

# J.P.Morgan



Credit Card
Credit Card

Bank deposit accounts and related services are offered by JPMorgan Chase Bank, N.A. Member FDIC.

----------------------------------------------------------------------------------

**JPMorgan Chase Bank, N.A.** and its affiliates (collectively "JPMCB") offer investment products, which may include bank-managed accounts and custody, as part of its trust and fiduciary services. Other investment products and services, such as brokerage and advisory accounts, are offered through **J.P. Morgan Securities LLC** (JPMS), a member of FINRA and SIPC. JPMCB and JPMS are affiliated companies under the common control of JPMorgan Chase & Co.

**INVESTMENT PRODUCTS: NOT FDIC INSURED ● NO BANK GUARANTEE ● MAY LOSE VALUE**

# EXHIBIT D



Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

March 16, 2023

<u>Via E-mail</u>

Alex Spiro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010
alexsprio@quinnemanuel.com

    Re:       **Demand for Preservation of Documents**

Dear Mr. Spiro:

        We write on behalf of JPMorgan Chase Bank, N.A. ("JPMC") in response to your letter, dated March 13, 2023 (the "March 13 Letter"). As explained below, the March 13 Letter does not allay the concerns JPMC expressed in its letter dated February 14, 2023 (the "February 14 Letter").

        As a preliminary matter, it is concerning that it took Ms. Javice over 30 days to respond to JPMC's letter, given that the March 13 Letter contains only conclusory assertions. More critically, however, the March 13 Letter fails to address a number of issues raised by JPMC.

        <u>**First**</u>, Ms. Javice has provided no information whatsoever regarding Chariot X Holdings, LLC, the Nevada shell company to which Ms. Javice has transferred a large portion of the Merger Proceeds.[1] Your letter incorrectly asserts that Ms. Javice transferred her assets because JPMC terminated its banking relationship with Ms. Javice. Not so. The questionable transfers to Chariot X Holdings occurred between September and December 2022, long before JPMC took any action with respect to its banking relationship with Ms. Javice. Moreover, if Ms. Javice has simply transferred her assets to accounts in her name at another reputable banking institution, JPMC would not have the same concerns. What Ms. Javice did, however, was establish a Nevada limited liability company with no apparent business purpose and then transfer nearly ▮ million dollars to that entity, directly undermining your assertion that her transfers do not suggest misconduct or an attempt to shield assets from litigation recovery. Further amplifying JPMC's concerns is that the transfers to Chariot X Holdings were to Signature Bank, which the FDIC has since seized.

---

[1]      Capitalized terms not defined in this letter shall have the meaning attributed to them in the February 14 Letter.

March 16, 2023
Alex Spiro, Esq.
Page 2

       Ms. Javice's behavior raises red flags about fraudulent conveyances to Chariot X Holdings that are not addressed in the March 13 Letter.  Nor does the March 13 Letter provide any of the representations that JPMC requested.  *See* Feb. 14 Letter at 2-3 (listing items 1-5).[2]

       **Second**, the conclusory assertion that "Ms. Javice is aware of, has complied with, and will continue to comply with the ongoing duty to preserve, including with respect to data from her Twitter account" fails to address the fact that Ms. Javice deactivated her Twitter account, risking destruction of relevant evidence, and only very recently restored it.  The March 13 Letter does not represent that no data was lost in the process of deactivating and restoring the Twitter account.

       **Third**, your response regarding Ms. Javice's access to Frank's Systems and Applications is incomplete.  It is irrelevant whether Ms. Javice was "the administrative [or] system owner" of Frank's Applications and Systems.  If Ms. Javice has in her possession, custody, or control any passwords or other credentials to those Applications and Systems, she must return them to JPMC.  In addition, the March 13 Letter ignores the issue of two-factor authentication.  Frank's Dropbox account, for example, is tied to Ms. Javice's email and/or phone number.  JPMC does not have the username and password to that account and cannot reset that password because the account is controlled by Ms. Javice.

       In light of the foregoing, JPMC intends to make a motion to request a partial lifting of the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("Reform Act").  In particular, JPMC will seek discovery concerning Ms. Javice's asset transfers as well as her preservation of social media and possession of JPMC property.  In an effort to avoid motion practice, please confirm whether Ms. Javice is willing to voluntarily provide this discovery.

       As required by the local rules, our Delaware counsel will be contacting Ms. Javice's to meet and confer regarding JPMC's motion.

       Sincerely,

*William M Regan*

       William M. Regan

---

[2]     Your assertion that JPMC has "improperly abused its banking relationship with Ms. Javice" has no basis in law or fact.  Financial institutions are permitted to review transactions that occur in a depositor's accounts, and applicable privacy policies allow JPMC to use that information to enforce or defend legal rights and share that information with third parties to protect against suspected fraud or protect JPMC's rights.  JPMC has in no way "harassed" Ms. Javice.