IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01621-JDW |
| | ) |
| CHARLIE JAVICE, OLIVIER AMAR, | ) |
| CHARLIE JAVICE, in her capacity as Trustee | ) |
| of CHARLIE JAVICE 2021 IRREVOCABLE | ) |
| TRUST #1, CHARLIE JAVICE, in her capacity as | ) |
| Trustee of CHARLIE JAVICE 2021 | ) |
| IRREVOCABLE TRUST #2, and CHARLIE | ) |
| JAVICE in her capacity as Trustee of CHARLIE | ) |
| JAVICE 2021 IRREVOCABLE TRUST #3, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CHARLIE JAVICE'S REPLY BRIEF IN SUPPORT OF
HER MOTION TO PARTIALLY LIFT THE PSLRA
DISCOVERY STAY TO PERMIT DOCUMENT DISCOVERY**

OF COUNSEL:
Alex Spiro
Maaren A. Shah
JP Kernisan
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com
jpkernisan@quinnemanuel.com

Michael A. Barlow (#3928)
Samuel D. Cordle (#6717)
ABRAMS & BAYLISS LLP
20 Montchanin Drive, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
barlow@abramsbayliss.com
cordle@abramsbayliss.com

*Attorneys for Defendant / Counterclaim
Plaintiff Charlie Javice*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.     JPMC Falsely Alleges That Ms. Javice Did Not Meet and Confer Concerning the Relief Sought to Set Up a Strawman Argument ............................. 3

    II.    It is JPMC's Proposal—Not Ms. Javice's—That is "One-Sided and Contrary to Discovery Envisioned" Under the FRCP ............................................ 4

    III.   JPMC's Pretextual and Self-Serving Public Airing of Cherry-Picked Documents Demonstrates Why This Court Should Grant Ms. Javice's Motion .................................................................................................................... 6

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Adesanya v. Novartis Pharm. Corp.*,
    755 F. App'x 154 (3d Cir. 2018) ................................................................................... 7

*Apollo v. Penn. Convention Center Auth.*,
    No. 11-6684, 2013 WL 6795978 (E.D. Pa. Dec. 23, 2013)................................................ 7

*Lawson v. Love's Travel Stops & Country Stores, Inc.*,
    No. 1:17-CV-1266, 2019 WL 5622453 (M.D. Pa. Oct. 31, 2019) .................................... 6

*Leader Techs. Inc. v. Facebook Inc.*,
    No. 08-862-JJF-LPS, 2009 WL 3021168 (D. Del. Sept. 4, 2009)..................................... 7

*Liguria Foods, Inc. v. Griffith Labs., Inc.*,
    320 F.R.D. 168 (N.D. Iowa 2017) .................................................................................... 6

*Permasteelisa CS Corp v. Airolite Co., LLC*,
    No. 2:06-cv-0569, 2007 WL 1683668 (S.D. Ohio June 8, 2007)...................................... 7

*Pickett v. Nev. Bd. of Parole Com'rs*,
    No. 2:09-cv-01695-PMP-VCF, 2012 WL 1376969 (D. Nev. Apr. 19, 2012) .................... 3

*Rios v. City of Bayonne*,
    No. 2:12-4716 KM, 2015 WL 1607565 (D.N.J. Apr. 8, 2015) ......................................... 8

*SEC v. Gilbertson*,
    No. 16-cv-3779 (DWF/HB), 2017 WL 5172313 (D. Minn. May 12, 2017) ...................... 8

*SEC v. Kanodia*,
    153 F. Supp. 3d 478 (D. Mass. 2015) ............................................................................... 8

*Shire US, Inc. v. Allergan, Inc.*,
    No. 17-7716 (JMV) (SCM), 2018 WL 10152305 (D.N.J. June 12, 2018) ......................... 8

**PRELIMINARY STATEMENT**

JPMC's[1] response—long on unproven allegations and rhetoric and short on substance—underscores the extraordinary circumstances and prejudice that warrant lifting the PSLRA's automatic discovery stay to permit the parties to proceed immediately to reciprocal and third-party document discovery.  Rather than agreeing to commence a fair document discovery process under Rules 26, 34, and 45 of the Federal Rules of Civil Procedure ("FRCP"), JPMC attempts to induce this Court to prejudge the merits through cherry-picked and out-of-context soundbites that are irrelevant to the issue before the Court, sandbagging Ms. Javice and endeavoring to tilt the scales in JPMC's favor.  This Court should not countenance JPMC's gamesmanship and instead should partially lift the PSLRA discovery stay to permit Ms. Javice to expeditiously access the full JPMC, Frank, and third-party documentary record relevant to her defense of JPMC's unfounded claims.  In the alternative, Ms. Javice agrees with JPMC that this Court should fully lift the PSLRA stay to permit both documentary and deposition discovery to proceed, ensuring a level playing field and putting a stop to JPMC's hide-the-ball tactics.

JPMC does not contest Ms. Javice's showing, in her opening brief, that this is the extraordinary case in which the Plaintiff—JPMC—and third parties outside of Ms. Javice's control possess nearly all the relevant documents, prejudicing Ms. Javice's defense of this action absent document discovery.  Nor does JPMC dispute that—while refusing to permit Ms. Javice access to documents—JPMC already has produced selected documents to the USAO-SDNY and the SEC, which relied in part on these documents in electing to bring parallel actions against Ms. Javice.  Ms. Javice is asking this Court to put a stop to JPMC's tactics and allow parity.  There is nothing

---

[1]  Capitalized terms not otherwise defined have the meanings assigned to them in Defendant Charlie Javice's Opening Brief in Support of Her Motion to Lift the PSLRA Discovery Stay to Permit Document Discovery, D.I. 43.

1

"one-sided" or "unduly prejudicial" about permitting *all* parties to proceed with reciprocal and third-party document discovery. Indeed, it is JPMC's insistence on "full" discovery that is both "one-sided" and "unduly prejudicial," since JPMC intends to harass and intimidate Ms. Javice into dropping her request for documents, by forcing her into the Hobson's choice of forgoing the documentary evidence she needs to timely put to rest JPMC's allegations or invoking the Fifth Amendment.

The relief Ms. Javice seeks represents a reasonable compromise that maintains the purpose of the PSLRA discovery stay (by staying deposition discovery) while alleviating the asymmetry of information that has developed (by allowing document discovery). This Court should partially lift the PSLRA stay to permit document discovery to proceed now.

## ARGUMENT

JPMC advances three internally inconsistent arguments in opposition to Ms. Javice's motion, none of which carries the day. *First*, JPMC argues that Ms. Javice "misrepresented JPMC's position on a partial lifting of the PSLRA discovery stay," D.I. 47 at 3, but it is JPMC, not Ms. Javice, that refused to meet and confer concerning the relief sought in Ms. Javice's motion. *Second*, JPMC argues that Ms. Javice's request is "one-sided," *id.* at 3-4, but it is JPMC, not Ms. Javice, whose approach is unfair and asymmetrical, ensuring that JPMC—and *only* JPMC—has sole possession of the full record of relevant and exculpatory evidence.[2] *Third*, JPMC argues that only full discovery will do and that depositions should proceed immediately, *id.* at 5-9, knowing that deposition discovery will present Ms. Javice with a Catch-22 where she must decide between invoking the Constitutional protections to which she is entitled or giving up access to exculpatory

---

[2] JPMC's self-serving approach to documents also has infected the related criminal and SEC enforcement proceedings against Ms. Javice, in which JPMC is using the USAO-SDNY and SEC as its personal tax-payer funded counsel. *See* D.I. 43 at 1-2, 5.

documents that she knows exist.³  But Ms. Javice calls JPMC's bluff—the appropriate balancing of the equities here counsels in favor of a partial lifting of the PSLRA stay with regard to document discovery only.  But in the event this Court is choosing between (i) no lift or (ii) a full lift of the discovery stay, Ms. Javice asks the Court to do the latter.

I. **JPMC Falsely Alleges That Ms. Javice Did Not Meet and Confer Concerning the Relief Sought to Set Up a Strawman Argument**

JPMC's contention that Ms. Javice "*never attempted* to meet and confer" regarding her "request for partial, documents-only discovery," D.I. 47 at 2-3, is false.  On May 29, 2023, three business days before filing her motion, counsel to Ms. Javice informed JPMC's counsel that: "We … will move … to lift the PSLRA stay for *document discovery*.  We are available for a call tomorrow at 10 am to the extent you think further discussion is needed."  D.I. 48-1, Ex. A at 1 (emphases added).  JPMC did not respond, waiving its right to object to Ms. Javice's motion on this ground.  *See, e.g.*, *Pickett v. Nev. Bd. of Parole Com'rs*, No. 2:09-cv-01695-PMP-VCF, 2012 WL 1376969, at *3 (D. Nev. Apr. 19, 2012) ("[A] responding parties' complete failure to respond can obviate a requesting parties need to meet and confer.").

Moreover, JPMC's claim that this Court should deny Ms. Javice the relief necessary to prevent undue prejudice under the extraordinary circumstances of this case on *procedural* grounds is perverse.  JPMC argues that Ms. Javice requested a full lifting of the PSLRA stay, on which JPMC took no position.  D.I. 47 at 2.  JPMC further argues that Ms. Javice should be denied a *subset* of that relief (a partial lifting of the PSLRA stay) because of a purported failure to meet and confer.  The sanction that JPMC seeks is indefensible, particularly since the record shows that Ms.

---

³ JPMC has raised this very issue, asking counsel whether "Ms. Javice [is] proposing to fully participate in the discovery process (*i.e.*, producing documents, answering interrogatories, providing deposition testimony, etc.) without asserting her 5th Amendment rights or any other objections related to the pending criminal and SEC matters[.]" D.I. 48-1, Ex. A at 2-3.

3

Javice appropriately informed JPMC of her intent to seek a partial lifting of the stay and JPMC slept on its rights. In any event, this Court should not invoke procedure to deny Ms. Javice relief to which she is entitled under the extraordinary circumstances of this case—where lifting the PSLRA stay is the only means of ensuring that Ms. Javice has timely access to the very evidence that she needs to defend against JPMC's allegations. If, as JPMC appears now to concede, a *full* lift of the stay is warranted under the facts and circumstances of this case, then it is likewise appropriate for this Court to exercise its discretion to permit a *partial* lift. D.I. 43 at 9-10 (citing cases).

## II. It is JPMC's Proposal—Not Ms. Javice's—That is "One-Sided and Contrary to Discovery Envisioned" Under the FRCP

JPMC's argument that Ms. Javice's request for a partial lift of the stay is "one-sided" and therefore improper, D.I. 47 at 4, likewise fails. Here, JPMC deprived Ms. Javice of the documents to which she is entitled to defend herself by summarily cutting off all access to JPMC's and Frank's systems. D.I. 43 at 4-5 (citing D.I. 10 at 70 (¶ 14)). Thus, any purported disparity in the documents to be produced through a robust discovery process under the FRCP is entirely one of JPMC's own making. *See* D.I. 10 at 70 (¶ 14). All Ms. Javice is asking for is a fair document discovery process under the FRCP, such that Ms. Javice and JPMC can engage in *reciprocal* and *third-party* document discovery now. D.I. 43 at 4, 20.

There is nothing "one-sided" about Ms. Javice's motion. Rather, in the event the PSLRA stay is partially lifted, "Ms. Javice intends to seek all relevant documents and communications from JPMC and relevant third parties related to the claims, counterclaims, and defenses at issue[] in this action, including, but not limited to, any documents JPMC gathered during the course of its internal investigations or referenced or relied upon in its Complaint; any documents JPMC provided or showed to the USAO-SDNY, SEC, or any other third party; and any documents that

4

any relevant third parties provided to the USAO-SDNY, SEC or any other third party." *Id.* at 18. JPMC likewise would have the right to seek and obtain relevant documents from Ms. Javice and from third parties referenced in JPMC's Complaint and Ms. Javice's counterclaims, including third parties involved in "the negotiation of the merger; the due diligence performed in connection with the merger; [and] the role and understanding of the various professional investment and legal advisors to Frank and JPMC in the diligence and merger process …." *Id.* at 19. Thus, the document discovery Ms. Javice contemplates is full and reciprocal document discovery, in which the parties have equal rights to serve written discovery requests seeking the production of relevant documents within the other parties' possession, custody, or control. The fact that JPMC, before filing its claims, wrongfully deprived Ms. Javice of access to the documents she needs to defend herself does not provide this Court with a legal or factual basis to preclude reciprocal document discovery from proceeding; indeed, it advises just the opposite.

JPMC also contends, without citation, that Ms. Javice "already made clear that she will not answer any discovery, written or otherwise[.]" D.I. 47 at 4. This allegation appears to be based on Ms. Javice's *initial* opposition to the lifting of the PSLRA stay, D.I. 36 (in which Ms. Javice narrowly argued that JPMC improperly sought premature judgment enforcement discovery), not any recent communications by Ms. Javice in connection with the instant motion. To be clear, in light of the extraordinary circumstances of this case and the undue prejudice to Ms. Javice from maintenance of the PSLRA stay, Ms. Javice has moved for the stay to be partially lifted and for document discovery to commence immediately. D.I. 41. Ms. Javice intends to participate fully in document discovery pursuant to FRCP 26, 34, and 45. *See* D.I. 43 at 18-20.

Finally, there is no legal basis for JPMC's argument that document discovery becomes "one-sided" or "selective" simply because one of the parties has more documents in its possession.

5

D.I. 47 at 4.  Indeed, the cases cited by JPMC from other jurisdictions hold the opposite.  *See id.* For example, in *Lawson v. Love's Travel Stops & Country Stores, Inc.*, the U.S. District Court for the Middle District of Pennsylvania held that parties have "*reciprocal* obligations ... to search for and retain ESI [Electronically Stored Information]," but "factual considerations relating to the claims and defenses of the parties, *and access to information concerning those claims and defenses*, [] will certainly define how much ESI is available to each party to produce."  No. 1:17-CV-1266, 2019 WL 5622453, at *1, *4 (M.D. Pa. Oct. 31, 2019) (emphases added).  Likewise, the U.S. District Court for the Northern District of Iowa's decision in *Liguria Foods, Inc. v. Griffith Labs., Inc.*, stands for nothing more than the unremarkable principle that document discovery is symmetrical, and one party cannot *decline* to produce responsive documents in its possession, custody, and control based on its unilateral assessment of relevance and materiality.  320 F.R.D. 168, 183 (N.D. Iowa 2017).  In other words, the cases cited by JPMC require *exactly* what Ms. Javice has proposed—reciprocal document discovery in which the parties can seek and obtain timely production of documents in the other party's possession custody and control particularized to the claims and defenses at issue.  D.I. 43 at 18-20.  There is no legal, factual, or equitable basis to preclude document discovery simply because JPMC possesses the lion's share of relevant evidence here.

### III. JPMC's Pretextual and Self-Serving Public Airing of Cherry-Picked Documents Demonstrates Why This Court Should Grant Ms. Javice's Motion

In a transparent, pretextual, and self-serving attempt to coerce Ms. Javice into dropping her motion (as well as a continued effort to litigate its claims in the press), JPMC argues—relying on cherry-picked documents in its sole possession—that it is somehow prejudicial *to JPMC* to have to produce to Ms. Javice exculpatory documents *without* subjecting Ms. Javice to a deposition.  D.I. 47 at 2-3, 5.  The selected documents JPMC cites have no bearing whatsoever on the sole

question before this Court: Whether this is the type of extraordinary case in which maintenance of the PSLRA stay will cause irreparable prejudice to Ms. Javice's defense. Indeed, these out-of-context documents and communications are intended only to bias this Court (and the public) against Ms. Javice and their inclusion here is grossly improper.

There is nothing unusual or prejudicial about permitting document discovery (including third-party document discovery) to proceed before depositions. Indeed, this is the normal sequence of fact discovery—The parties (i) make reciprocal written requests for documents under FRCP 26 and 34; (ii) respond within 30 days, or as otherwise specified, with written objections and responses; (iii) begin rolling productions of documents; (iv) confer regarding any deficiencies in document discovery; (v) present any disputes that they are unable resolve to the Court; and (vi) serve third-party subpoenas under FRCP 45, to the extent permitted by the Court, which the third parties may move to quash or modify FRCP 45(d)(3). *See Apollo v. Penn. Convention Center Auth.*, No. 11-6684, 2013 WL 6795978, at *4 (E.D. Pa. Dec. 23, 2013) ("[I]t is reasonable to schedule [depositions] after all documents have been produced and reviewed[.]"); *Permasteelisa CS Corp v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007) (noting that "a reasonable way in which to proceed" with discovery is to "delay[] taking certain depositions until document discovery [is] complete"). Only then, do depositions commence consistent with the FRCP 30(d)(1)'s one-day, seven hour rule. *See Adesanya v. Novartis Pharm. Corp.*, 755 F. App'x 154, 158 (3d Cir. 2018).

Likewise, there is an abundance of precedent supporting limited stays of *deposition* discovery, while permitting the parties to proceed with document discovery. *See e.g.*, *Leader Techs. Inc. v. Facebook Inc.*, No. 08-862-JJF-LPS, 2009 WL 3021168, at *1 (D. Del. Sept. 4, 2009); *Shire US, Inc. v. Allergan, Inc.*, No. 17-7716 (JMV) (SCM), 2018 WL 10152305, at *2

7

(D.N.J. June 12, 2018); *Rios v. City of Bayonne*, No. 2:12-4716 KM, 2015 WL 1607565, at *2 (D.N.J. Apr. 8, 2015).  This is particularly true where, as here, there is a parallel criminal action in which one of the parties (and only one of the parties) might be compelled to invoke her Fifth Amendment privilege should deposition discovery commence while the criminal case is pending. *See SEC v. Kanodia*, 153 F. Supp. 3d 478, 483 (D. Mass. 2015); *SEC v. Gilbertson*, No. 16-cv-3779 (DWF/HB), 2017 WL 5172313, at *3 (D. Minn. May 12, 2017).  Thus, permitting document discovery to proceed here, while staying deposition discovery, is an appropriately tailored and well-precedented solution to the quandary in which Ms. Javice finds herself—in which JPMC holds all the evidence, but is selectively choosing to use that evidence as a sword—while withholding from Ms. Javice the very documents she needs to defend herself against JPMC's allegations.

Moreover, JPMC's suggestion that the one-sided, cherry-picked documents it cites in its response somehow demonstrate that Ms. Javice is on a "fishing expedition" for exculpatory documents within JPMC's files is ludicrous.  D.I. 47 at 4, 5-9.  If Ms. Javice is wrong, and JPMC is *not* sitting on a trove of documents that will exonerate her, then document discovery will not "prejudice" JPMC's claims.  *See id.* at 9.  If JPMC is right, document production would only make JPMC's case *stronger* and potentially bring about the expeditious resolution of the parties' dispute without further drains on judicial resources.  In contrast, if *Ms. Javice* is correct that JPMC's files contain highly probative exculpatory evidence and, to date, this Court and the public have only heard one, biased, flawed, and incomplete, side of the story, then partially lifting the PSLRA stay to permit document discovery to proceed is *essential* to alleviate prejudice to Ms. Javice and permit

8

her to prepare a robust and timely defense to JPMC's unproven allegations.[4] *See* D.I. 43 at 16-18. JPMC's case will fall apart during full and fair document discovery. JPMC—one of the largest financial institutions in the world, engaged in a full due diligence process, at the conclusion of which it *expressly waived reliance* on oral representations by Ms. Javice. D.I. 1 ¶ 73 (quoting Section 9.3 of the JPMC-Frank Merger Agreement); D.I. 10 at 66-67 (¶ 5). All Ms. Javice asks is that the parties to this action have equal access to that evidence now so Ms. Javice can put to rest for once and for all JPMC's baseless fraud claims, which stem from nothing more than JPMC's disappointment that Frank's business model turned out to be less profitable than JPMC had anticipated due to unforeseeable changes in the FAFSA process and because Ms. Javice was unwilling to support JPMC's illegal business practices. D.I. 10 at 65, 67-70 (¶¶ 1, 6-15).

\* \* \* \*

JPMC's tactics have created an incomplete and biased record in this action, which JPMC has fomented through an unfair and prejudicial media campaign against Ms. Javice. This Court should exercise its discretion to allow document discovery to proceed, so that Ms. Javice can obtain

---

[4] In addition, any further delay of document discovery in this matter creates a high risk that evidence will be lost or destroyed, as evidenced by JPMC's recently announced $4 million settlement with the SEC for deleting "approximately 47 million electronic communications in about 8,700 electronic mailboxes, ... many of which were business records required to be retained pursuant to Section 17(a) of the Exchange Act and Rule 17a-4(b)(4) thereunder." *In re J.P. Morgan Securities LLC*, SEC Release No. 97787, at 2, 5 (2023), *available at* https://www.sec.gov/litigation/admin/2023/34-97787.pdf. The SEC found that "[i]n at least twelve civil securities-related regulatory investigations, eight of which were conducted by the Commission staff, JPMorgan received subpoenas and document requests for communications which could not be retrieved or produced because they had been deleted permanently." *Id.* at 2. Nor is this the first such example of widespread failure by JPMC to preserve documents. In 2021, in another settled SEC action, JPMC "agreed to pay a $125 million penalty" for "widespread and longstanding failures by [JPMC] and its employees to maintain and preserve written communications" in violation of the federal securities laws. *See* Press Release, SEC, *JPMorgan Admits to Widespread Recordkeeping Failures and Agrees to Pay $125 Million Penalty to Resolve SEC Charges* (Dec. 17, 2021), *available at* https://www.sec.gov/news/press-release/2021-262.

9

documents needed to defend against JPMC's baseless claims against her and begin restoring her good name and reputation. Ms. Javice therefore asks this Court to grant her motion for a partial lifting of the PSLRA stay to permit document discovery to begin now. But in the event this Court is deciding between whether to permit *no* discovery or to permit *full* discovery, Ms. Javice respectfully submits that the Court should exercise its discretion to lift the PSLRA stay in full.

## CONCLUSION

For these reasons and those set forth in Ms. Javice's opening brief, Ms. Javice respectfully requests that the Court partially lift the PSLRA discovery stay to permit document discovery to commence immediately.

OF COUNSEL:
Alex Spiro
Maaren A. Shah
JP Kernisan
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com
jpkernisan@quinnemanuel.com

DATED: June 22, 2023

   /s/ Michael A. Barlow
Michael A. Barlow (#3928)
Samuel D. Cordle (#6717)
ABRAMS & BAYLISS LLP
20 Montchanin Drive, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
barlow@abramsbayliss.com
cordle@abramsbayliss.com

*Attorneys for Defendant / Counterclaim Plaintiff Charlie Javice*