IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLIE JAVICE, OLIVIER AMAR, CHARLIE JAVICE, in her capacity as Trustee of CHARLIE JAVICE 2021 IRREVOCABLE TRUST #1, CHARLIE JAVICE, in her capacity as trustee of CHARLIE JAVICE 2021 IRREVOCABLE TRUST #2, and CHARLIE JAVICE in her capacity as trustee of CHARLIE JAVICE 2021 IRREVOCABLE TRUST #3,<br><br>Defendants. | C.A. No. 1:22-cv-01621-JDW |

**DEFENDANT OLIVIER AMAR'S REPLY BRIEF
IN FURTHER SUPPORT OF HIS MOTION TO PARTIALLY LIFT
THE PSLRA DISCOVERY STAY TO PERMIT DOCUMENT DISCOVERY
AND TO JOIN IN DEFENDANT JAVICE'S MOTION SEEKING THE SAME RELIEF**

**KOBRE & KIM LLP**
Jacob R. Kirkham (#5768)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6460
Facsimile: (302) 518-6461
Jacob.Kirkahm@kobrekim.com

Steven G. Kobre (appearance *pro hac vice*)
Sean S. Buckley (appearance *pro hac vice*)
Alexandria E. Swette (appearance *pro hac vice*)
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Steven.Kobre@kobrekim.com
Sean.Buckley@kobrekim.com
Alexandria.Swette@kobrekim.com

Dated: June 22, 2023

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 3

    A.    Document-Only Discovery Is Not "One-Sided"; It Benefits All Parties ............................. 3

    B.    Document-Only Discovery Is Permissible Under the Federal Rules of Civil Procedure .... 5

    C.    JPMC Does Not Address the Constitutional Implications of Full Discovery ..................... 6

CONCLUSION .................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Lawson v. Love's Travel Stops & Country Stores, Inc.*,
  2019 WL 5622453 (M.D. Pa. Oct. 31, 2019) .................................................................................. 5

*Liguria Foods, Inc. v. Griffith Labs., Inc.*,
  320 F.R.D. 168 (N.D. Iowa 2017) ................................................................................................. 5

*S.E.C. v. Cioffi*,
  No. 1:08-cv-2457, Dkt. No. 40 (E.D.N.Y. June 5, 2009) .............................................................. 6

*S.E.C. v. Kanodia*,
  153 F. Supp. 3d 478 (D. Mass. 2015) ............................................................................................ 5

*S.E.C. v. Kornman*,
  2006 WL 148733 (N.D. Tex. Jan. 18, 2006) ................................................................................. 5

*S.E.C. v. Saad*,
  229 F.R.D. 90 (S.D.N.Y. 2005) ..................................................................................................... 6

**INTRODUCTION**

Defendant Olivier Amar respectfully submits this reply brief in further support of his Motion to Partially Lift the PSLRA Discovery Stay to Permit Document Discovery and to Join in Defendant Javice's Motion seeking the same relief. D.I. 44. Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") does nothing to address Defendants' arguments for partially lifting the PSLRA discovery stay, but instead simply asserts that *full* discovery, rather than *document-only* discovery, should be allowed for three reasons—all of which fail.

First, JPMC incorrectly asserts that Defendants misrepresented JPMC's position on a partial lifting of the PSLRA discovery stay. *See* D.I. 47 at 6. Mr. Amar did no such thing. Mr. Amar filed his joinder brief on June 9, 2023—*eight days after* Ms. Javice filed her moving brief. On June 9, 2023, Mr. Amar's counsel contacted JPMC's counsel, and stated that Mr. Amar would be filing a joinder seeking the same relief (document-only discovery). At the time of this conversation, JPMC was well aware of the scope of the requested relief, as Ms. Javice's brief had been on the docket for over a week. JPMC responded on the same day that it took no position as to Mr. Amar's joinder. Mr. Amar accurately represented JPMC's position.

Second, JPMC ironically asserts that document-only discovery is "one-sided" and baselessly claims that only full discovery will allow the parties to pursue evidence in support of their claims and defenses. JPMC's arguments are belied by its own brief and should be rejected. To begin, JPMC overlooks the fact that it—as the acquiror in the Frank transaction—has considerable documentary evidence in its possession. Indeed, JPMC's opposition attaches dozens of pages of redacted, out-of-context documents (some of which are undated; others of which have no identifiable speaker). Putting aside the fundamental unfairness of needlessly injecting these documents into the public docket before the discovery process properly commences (wherein all

parties would have access to relevant, non-privileged information to properly contextualize such documents), JPMC's document dump serves only to highlight the exact reason that document-only discovery should proceed in this case: the informational deck is stacked completely in JPMC's favor. And despite what JPMC argues, all of the parties stand to benefit from document-only discovery. JPMC itself identifies a number of discovery targets in its brief—the data science professor, marketing vendors, investment bankers, former Frank employees, and other third-party witnesses—but ignores that even with a partial lift of the PSLRA stay, it may serve document subpoenas on these targets.

<u>Third</u>, JPMC incorrectly asserts that document-only discovery runs afoul to the Federal Rules of Civil Procedure. It does not, and JPMC relies on inapposite case law in support of this dubious contention. JPMC also ignores that many courts have permitted document-only discovery in cases like this one.

Additionally, JPMC's demand for full discovery (or nothing at all) should be rejected because JPMC blithely downplays the constitutional implications of full discovery. JPMC is apparently unconcerned with jeopardizing Defendants' Fifth Amendment rights so long as it obtains testimonial evidence in the instant civil proceedings. JPMC makes no effort to minimize the potential constitutional harms by, for example, agreeing to seek third-party depositions only—a proposal that Mr. Amar would be amenable to.

For these reasons, Mr. Amar's Motion to Partially Lift the PSLRA Discovery Stay to Permit Document Discovery and to Join in Defendant Javice's Motion seeking the same relief. D.I. 44.

**ARGUMENT**

A. **Document-Only Discovery Is Not "One-Sided"; It Benefits All Parties**

While citing to some 75 pages of excerpted, redacted, out-of-context documents from its own files to support its non-dispositive opposition brief, JPMC contends that Defendants' request for document-only discovery is "one-sided." *See* D.I. 47 at 6-7. This contention is farcical and is belied by JPMC's opposition brief.

As an initial matter, JPMC is the acquiror in the underlying transaction and now owns not only its own documents and information, but also all of Frank's documents and information as well. Thus, it should come as no surprise that JPMC likely has custody and control over much of the documentary evidence in this case. But that does not mean that document-only discovery is "one-sided," unfair, or "a fishing expedition." *See* D.I. 47 at 6-7.

Moreover, JPMC's cries of one-sidedness fall flat considering its reliance on numerous pages of self-serving, piecemeal documents. Putting aside questions over the propriety of JPMC's decision to inundate the docket with prejudicial, incomplete information,[1] JPMC's document dump underscores why document-only discovery should be permitted: to level the evidentiary disparity. As things currently stand, the informational deck is stacked completely in JPMC's favor. By way of example, JPMC attached an undated, redacted PowerPoint presentation to its filing. JPMC does not clarify when this presentation was given (if it was ever given); to whom it was presented (or who was in attendance); whether the presentation is a final version or draft (or whether other versions exist). *See* D.I. 48-1 at 11-29 (Ex. C). JPMC does not provide any related emails, communications, or documents to contextualize the presentation. The exhibits also include

---

[1] Well in advance of filing this Reply, counsel for Mr. Amar repeatedly requested unredacted versions of the exhibits to allow Mr. Amar to fully respond to the materials lodged by JPMC in support of its Opposition. Counsel for JPMC refused to provide them. *See* Ex. 1.

several snippets of redacted Slack messages—in some instances, concealing the authors' identities so that it is impossible to know who is sending and responding to the messages. *See, e.g.*, *id*. at 33-39 (Ex. E).

Only hours after JPMC filed its Opposition, the Financial Times published an article referring to the inflammatory chats in the exhibits ("In response to Javice's initial request, Frank employees commented that 'charlie is king of finding magic numbers haha' and 'do we really have 4.25M students?', according to Slack messages quoted by JPMorgan in the court filings").[2] In an article that has since been republished by multiple sources, Fortune subsequently covered the news, referencing further exhibits without proper context and exacerbating the harm to Mr. Amar in the court of public opinion.[3] JPMC, having a virtual monopoly on much of the available evidence in this case (in the absence of any ongoing discovery), can weaponize the existing information disparity. Permitting document-only discovery mitigates this unfairness.

JPMC also contends that the Court should "allow full discovery where all the parties can pursue evidence supporting their respective claims and defenses," D.I. 47 at 8, but fails to establish why document-only discovery at this time is insufficient or unfair. JPMC itself identifies a number of third-party discovery targets, such as the data science professor, marketing vendors, investment bankers, former Frank employees, and others. *Id.* at 8-10. JPMC complains that it wants *testimonial* evidence from these third parties, but never addresses the fact that it may obtain *documentary* evidence from them. Under the document-only discovery process proposed by

---

[2] *See* Joshua Frankin, *JPMorgan claims Frank founder told staff to overstate user numbers*, Financial Times (June 15, 2023), https://www.ft.com/content/3191f614-8fd6-478b-b9ab-00db3f838b7c.

[3] *See* Luisa Beltran, *Frank founder accused of fraud was dubbed the 'king of finding magic numbers' by former employee*, Fortune (June 16, 2023), https://fortune.com/2023/06/16/frank-founder-charlie-javice-jp-morgan-magic-numbers/.

4

Defendants, JPMC may serve document subpoenas on these targets. JPMC may also obtain documents from Defendants.[4] In sum, JPMC will be able to pursue ample discovery in support of its claims and defenses—just not testimonial evidence *at this time*.

B.  **Document-Only Discovery Is Permissible Under the Federal Rules of Civil Procedure**

JPMC's assertion that document-only discovery is tantamount to "selective discovery" and runs contrary to the Federal Rules of Civil Procedure, *see* D.I. 47 at 6-7, is belied by the few cases that JPMC cites as well as other authorities recognizing that such partial discovery is appropriate when it is needed to avoid undue prejudice to the party requesting it. In arguing that document-only discovery runs afoul to the Federal Rules, JPMC recites general and uncontroverted statements of the law made by courts in the context of deciding unrelated discovery disputes, including where the defendant's discovery rights and access to documents needed to be protected. *See id.* at 7.[5]

JPMC otherwise ignores that many courts have permitted document-only discovery in circumstances like those present here. *See, e.g.*, *S.E.C. v. Kanodia*, 153 F. Supp. 3d 478, 483-84 (D. Mass. 2015) (permitting document discovery and certain depositions, that did not implicate Fifth Amendment concerns, to proceed); *S.E.C. v. Kornman*, No. 3:04-cv-1803L, 2006 WL

---

[4] JPMC's bald speculation about what Defendant Javice will or will not produce, *see* D.I. 47 at 7 & n.2, is not grounds to deny the parties access to document-only discovery.

[5] *See Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-cv-1266, 2019 WL 5622453, at *2, 4, 5-7 (M.D. Pa. Oct. 31, 2019) (granting defendant's request for access to available metadata on produced records, which plaintiffs had refused to produce, and also allowing defendant to propound interrogatories seeking further details regarding plaintiffs' search methodology to the extent defendant was dissatisfied with plaintiffs' responses); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 185-92 (N.D. Iowa 2017) (finding that both parties were at fault although no sanctions were warranted where they improperly objected to interrogatories and document requests as "premature," irrelevant or unduly burdensome and raised various privilege and other objections that were invalid under Federal Rule of Civil Procedure 26).

148733, at *4-5 (N.D. Tex. Jan. 18, 2006) (permitting certain document discovery and two depositions to proceed); *S.E.C. v. Cioffi*, No. 1:08-cv-2457, Dkt. No. 40 (E.D.N.Y. June 5, 2009) (entering "stay of deposition discovery . . . subject to modification upon application for specific depositions" and allowing document discovery to proceed); *S.E.C. v. Saad*, 229 F.R.D. 90, 91-92 (S.D.N.Y. 2005) (prior ruling had postponed depositions of defendants until after criminal trial but depositions of nonparties and document discovery was allowed to proceed).

C. **JPMC Does Not Address the Constitutional Implications of Full Discovery**

JPMC's demand for full discovery (or nothing at all) should be rejected because JPMC's approach ignores the constitutional implications of full discovery. If JPMC has its way, Mr. Amar will be placed in the untenable position of potentially having to assert his Fifth Amendment privilege in the civil proceedings (given the backdrop of a criminal investigation into the facts and circumstances at issue here), thereby subjecting him to an adverse inference.

Even if JPMC could face some temporary hardship if document-only discovery proceeds in lieu of full discovery, that hardship would evaporate at a later date when full discovery commences (which it invariably will). Any fleeting inconvenience to JPMC pales in comparison to the imminent and lasting prejudice that Mr. Amar will endure if put to this Hobson's choice. And JPMC makes no attempt to mitigate those implications by offering, for example, to limit depositions to third parties (a proposal to which Mr. Amar would be agreeable).

**CONCLUSION**

For these reasons, the Court should grant Mr. Amar's Motion to Partially Lift the PSLRA Discovery Stay to Permit Document Discovery and to Join in Defendant Javice's Motion seeking the same relief. D.I. 44.

Date: June 22, 2023                           /s/ Jacob R. Kirkham

**KOBRE & KIM LLP**
Jacob R. Kirkham (#5768)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6460
Facsimile: (302) 518-6461
Jacob.Kirkahm@kobrekim.com

Steven G. Kobre (appearance *pro hac vice*)
Sean S. Buckley (appearance *pro hac vice*)
Alexandria E. Swette (appearance *pro hac vice*)
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Steven.Kobre@kobrekim.com
Sean.Buckley@kobrekim.com
Alexandria.Swette@kobrekim.com

*Attorneys for Defendant Olivier Amar*