IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 22-01621-JDW |
| CHARLIE JAVICE, OLIVIER AMAR, CHARLIE JAVICE, in her capacity as Trustee of CHARLIE JAVICE 2021 IRREVOCABLE TRUST #1, CHARLIE JAVICE, in her capacity as Trustee of CHARLIE JAVICE 2021 IRREVOCABLE TRUST #2, and CHARLIE JAVICE in her capacity as Trustee of CHARLIE JAVICE 2021 IRREVOCABLE TRUST #3, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN CONNECTION WITH THE
GOVERNMENT'S MOTION TO INTERVENE AND STAY**

Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") takes no position on the motion of the U.S. Attorney's Office for the Southern District of New York (the "Government") to intervene in this case and stay discovery pending the outcome of the Government's parallel criminal prosecution of Defendants Charlie Javice and Oliver Amar. JPMC respectfully submits this reply to (a) respond to certain positions advanced by Ms. Javice and Mr. Amar in their joint opposition to the Government's motion, and (b) request that the Court issue a ruling at its earliest convenience in this matter given that Ms. Javice served 48 requests for the production of documents on JPMC at the same time Defendants filed their joint opposition (requiring significant expense and effort to commence discovery that could be quickly interrupted if the Government's stay request is granted).

## ARGUMENT

I. **CONTRARY TO DEFENDANTS' SUGGESTION, AND LARGELY DUE TO DEFENDANTS' STRATEGIC DECISIONS, NO MEANINGFUL DISCOVERY HAS TAKEN PLACE IN THIS CASE.**

JPMC filed its 52-page Complaint in this case on December 22, 2022. Despite detailed allegations drawn from Defendants' own emails, Mr. Amar elected to respond with a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the Complaint somehow failed to allege facts demonstrating that Mr. Amar participated in the fraud perpetrated against JPMC. That motion triggered the automatic stay of discovery provided for in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court summarily denied Mr. Amar's motion on July 13, 2023, finding that the Court and Mr. Amar "must have read different complaints", that Mr. Amar should "go back and read the Complaint in its entirety", and that the Complaint alleged ample facts showing Mr. Amar's involvement in the fraud. MTD Order at 1, 7. The Court's July 13, 2023 motion to dismiss decision terminated the PSLRA automatic stay.

    A. **Discovery Activity Since the Denial of Mr. Amar's Motion to Dismiss Is Limited.**

With the automatic discovery stay now lifted, and consistent with Section II(A)(2) of this Court's Policies and Procedures, JPMC requested on July 18, 2023 that Defendants meet and confer to agree on a discovery schedule and prepare a Rule 26(f) report. Ex. A. On July 25, 2023 – before the parties were able to schedule their first meet and confer call in connection with the Rule 26(f) report – the Government moved to intervene in and stay this case.

JPMC informed Defendants by email on July 26, 2023 that the parties should allow the Court time to decide the Government's stay motion before commencing discovery in order to avoid potentially wasting judicial and party resources if discovery was started and then quickly

stayed.  Ex. B.  Defendants responded that they believed all discovery should immediately begin despite the Government's motion.  Ex. C.

On August 2, 2023, the parties held an initial meet and confer call.  JPMC proposed that the parties submit (a) a joint letter asking the Court whether discovery should commence now or after the Court ruled on the Government's stay motion, and (b) a Rule 26(f) report.  Defendants agreed, and the call ended with JPMC agreeing to draft the Rule 26(f) report and Defendants agreeing to draft the joint letter.  JPMC provided Defendants with a draft Rule 26(f) report as agreed on August 9, 2023.  Ex. D.  Defendants did not provide a draft of the letter to the Court, and have not done so or explained the status of the letter as of the time of this filing.

Defendant Charlie Javice served her first set of document requests on JPMC at 4:49 p.m. on August 8, 2023.  Ex. E.  Ten minutes later, at 4:59 p.m., Defendants filed their joint opposition to the Government's stay motion.  Ex. F.

### B. Defendants' Opposition Inaccurately Describes the State of Discovery.

In their opposition to the Government's stay motion, Defendants misleadingly describe the history and state of discovery in this case in several ways.  For example, Defendants represent to the Court that "[a]ll parties met and conferred on August 2, 2023, and agreed to proceed with drafting a joint Rule 26(f) report, in accordance with this Court's individual rules." Opp. Br. at 5. Consistent with their track record, Defendants omitted to inform the Court that JPMC had agreed to proceed with drafting a Rule 26(f) report *subject to submitting the parties' dispute regarding the discovery start date to the Court*.  Indeed, Defendants previously agreed to draft and exchange a letter with JPMC to jointly request a prompt decision on the Government's motion.  While Defendants have served JPMC with lengthy documents requests, they have not sent a draft of the joint request letter.

3

Likewise, Defendants touted the fact that they had already served document requests on JPMC. Opp. Br. at 5 n.1. Defendants, however, omitted to inform the Court that they served those document requests, the first discovery request in the case, *ten minutes* before filing their opposition to the Government's motion.

Defendants further argue that "this case has progressed considerably, and Ms. Javice, Mr. Amar, and JPMC have all expressed a desire to proceed expeditiously with discovery in this matter." Opp. Br. at 12. Defendants again mislead by omission by failing to inform the Court that, while JPMC very much wants discovery to proceed expeditiously, the parties agreed to submit to the Court the question of whether discovery should begin before or after the Court resolves the Government's stay motion.

Finally, Defendants cite "the progress made in this case prior to the Government's proposed stay" as an important factor the Court should consider in deciding to stay this case. Defendants, however, failed to disclose to the Court that the "progress" to date consists of one 45-minute meet and confer call and Defendants' document requests served ten minutes before Defendants filed their opposition to the Government's stay motion. Opp. Br. at 19.

Again, JPMC takes no position on whether the Court should grant the Government's stay motion. The Court, however, should make its decision on the actual record and not the misleading version presented in Defendants' opposition brief – no meaningful discovery has taken place in this case, largely due to the delay caused by Mr. Amar's motion to dismiss. In addition, JPMC respectfully requests that the Court issue a prompt ruling on the Government's stay request so that, if the Court grants the Government's stay request, no resources associated with responding to Ms. Javice's 48 document requests are wasted.

## **CONCLUSION**

JPMC takes no position with respect to the Government's stay motion and provides this brief solely so that the Court has a full and fair record and to request that the Court issue a ruling at its earliest convenience given that Ms. Javice has already served 48 document requests on JPMC.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| William M. Regan<br>Allison M. Wuertz<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>(212) 918-3000 | By: */s Jonathan A. Choa*<br>Peter J. Walsh, Jr. (#2437)<br>Michael A. Pittenger (#3212)<br>Jonathan A. Choa (#5319)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>mpittenger@potteranderson.com<br>pwalsh@potteranderson.com<br>jchoa@potteranderson.com |
| Dated: August 15, 2023 | *Attorneys for JPMorgan Chase Bank, N.A.* |