IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JPMORGAN CHASE BANK, N.A.,** *Plaintiff,* v. **CHARLIE JAVICE, et al.** *Defendants.* | Case No. 1:22-cv-01621-JDW |

### ORDER

**AND NOW**, this 17th day of August, 2023, upon consideration of the United States's Motion To Intervene And Stay Discovery (D.I. 60), I note as follows.

### Intervention

1. A non-party may intervene as of right when the party seeking to intervene "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Intervention as of right requires showing four distinct factors: (a) the application to intervene is timely; (b) the applicant has a sufficient interest in the litigation; (c) the interest may be practically affected or impaired by disposition of the action; and (d) the interest isn't adequately represented by an existing party in the litigation. *U.S. v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014).  Alternatively,

courts may permit a non-party to intervene when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b)(1)(B). In deciding whether to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(c).

2. The United States satisfies the standard for permissive intervention, so I will allow it to intervene for the purpose of seeking a stay, and I won't reach whether or not it may intervene as of right. The Venn diagram of fact and legal issues in this litigation and the related criminal matter is nearly a complete overlap, and intervention won't unduly delay or prejudice any of the original parties' rights at this stage. Although Defendants argue that the stay that the Government requests would harm them and counsels against permissive intervention, that argument misses the point. Intervention, and allowing the Government to argue for a stay, won't delay the proceedings. If the Government prevails on its stay motion, that decision would delay the proceedings. But that's not a harm from intervention.

**Stay**

3. Courts have discretion to stay cases pending the outcome of parallel criminal proceedings when "the interests of justice require it." *E.I. du Pont de Nemours and Co. v. Hou*, No. 1:17-cv-0224, 2017 WL 2531940 at *1 (D. Del. 2017) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Generally, courts in this District weigh six

factors to determine if such a stay is proper: (1) the extent to which the issues in the civil and criminal matters overlap; (2) the status of criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest. *Id.* (quoting *Maloney v. Gordon*, 328 F. Supp. 2d 508, 411 (D. Del. 2004)). This test is identical to the one that the Second Circuit has applied when there is a related criminal case pending. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). Although none of these cases is binding on me, they make good sense and capture the factors that I should consider in deciding this motion.

   4.  Weighing these six factors, I conclude that a stay is appropriate.

     a.  The first factor weighs in favor of a stay because the issues in the civil and criminal cases are nearly identical.

     b.  The second factor favors a stay because both defendants have been arrested and indicted, and discovery in the criminal case is underway. But for Defendant Charlie Javice's request for a delay, that criminal case would progress more quickly, and it still might.

     c.  The third factor is less relevant because Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") takes no position on the Motion, so that suggests that it does not

have a strong interest in this particular circumstance in an expeditious proceeding, nor does it see prejudice from the delay, so the factor is neutral.

d. The fourth factor is also neutral because the only burden or prejudice Defendants will suffer is the inability to use the tools of civil discovery to defend their criminal prosecution. On the other hand, they won't have to spend time and money defending multiple cases in different jurisdictions, and they won't risk incriminating themselves or having to waive their Fifth Amendment during discovery in this matter. Their criminal case is likely to move faster than this civil suit, and vindication there may also neutralize some of the negative publicity about which they complain.

e. The fifth factor weighs in favor of a stay. Courts have an interest in efficiently managing their caseloads. *See E.I du Pont*, 2017 WL 2531940 at *Granting a stay promotes efficiency. The criminal case will likely resolve issues relevant to this case and reduce issues to be resolved here. It may hasten settlement. And it might obviate the need for this case altogether.

f. The sixth factor favors a stay. The public interest in JPMC vindicating its rights is minimal, particularly in comparison to the public's interest in seeking justice against alleged wrongdoers. Moreover, the related criminal proceedings will advance both the greater public interest and any interest in seeing that alleged victims like JPMC can vindicate their rights. interest, along with the greater public interest in protecting the

integrity of publicly traded securities in the United States. Therefore, granting a stay is in the public interest to ensure the criminal matter is prosecuted efficiently and effectively.

Therefore, it is **ORDERED** that the United States's Motion To Intervene And Stay Discovery (D.I. 60) is **GRANTED**, and that this case is **STAYED** pending resolution of the criminal matter in the United States District Court For The Southern District Of New York. It is **FURTHER ORDERED** that the Defendants shall inform the court within seven days of the final resolution of their criminal matters.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.